FILED

NOV 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICHARD LEE FOSTER,

        Plaintiff - Appellant,

  v.

A. VERKOUTEREN,

        Defendant - Appellee.

No. 09-56396

D.C. No. 3:08-cv-00554-CAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, Magistrate Judge, Presiding[**]

Submitted November 16, 2010[***]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Richard Lee Foster, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prison official used excessive force under the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *White v. Roper*, 901 F.3d 1501, 1503 (9th Cir. 1990), and we affirm.

The district court properly granted summary judgment on Foster's excessive force claim because Foster failed to raise a triable issue as to whether Verkouteren used physical force "maliciously and sadistically to harm him" rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (core judicial inquiry in excessive force claim is whether force was malicious and sadistic or a good-faith disciplinary effort); *see also White*, 901 F.2d at 1507 (use of force not excessive where inmate resisted entering cell and only suffered a minor cut and some bruises).

Foster's allegation of an ex parte meeting between the district judge and Verkouteren does not warrant reversal because Foster provides no evidence of the alleged meeting and he cannot show that he was unfairly prejudiced. *See Alexander Shokai, Inc. v. Comm'r*, 34 F.3d 1480, 1484-85 (9th Cir. 1994) (no due process violation where ex parte communications did not unfairly prejudice party).

**AFFIRMED.**